UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES C. SAUVAGE, JR.,

   Plaintiff,

v.         CASE NO. 8:02-CV-373-T-TGW

JOHN SNOW, etc.,

   Defendant.

_____

<u>O R D E R</u>

   THIS CAUSE came on for consideration upon the Defendant's Request to Tax Costs (Doc. 125-1), the Plaintiff's Objections to Defendant's Bill of Costs (Doc. 128) and the defendant's response (Doc. 129).  For the following reasons, costs will be taxed in favor of the defendant in the amount of $10,570.10.

   The defendant, who prevailed on the plaintiff's allegations of age discrimination and retaliation, filed a bill of costs to be taxed against the plaintiff under Rule 54(d), Fed.R.Civ.P., and 28 U.S.C. 1920 (Doc. 125-1). The defendant requests costs in the amount of $12,169.91 (<u>id</u>.). The plaintiff

has filed objections to two categories of costs (Doc. 128).  The defendant has responded to those objections (Doc. 129).

As the prevailing party, the defendant seeks an award of $12,161.91 for court reporter and transcription fees, witness fees, exemplification and copies of papers, and docket fees under 28 U.S.C. 1923 (Doc. 125-1).  Notably, these types of costs can be recovered under 28 U.S.C. 1920.

The plaintiff objects to the witness fee for Bonnie Tischler because she did not testify at trial (Doc. 128, p. 1).  The defendant counters that the fee was a necessary expense and that her deposition testimony's admission into evidence made her live testimony unnecessary, especially considering her health condition (Doc. 129, p. 1).

Tischler's witness fee consists of pay for two-days attendance, air fare, taxi fares and lodging (Doc. 125-1, p. 5).  Generally, these expenses are recoverable under 28 U.S.C. 1821.  Moreover, the plaintiff does not contend that the specific items are not recoverable or are not reasonable.

While the plaintiff asserts that fees for a witness who does not testify at trial are not recoverable, he cites no authority for that proposition

(Doc. 128, p.1).  In any event, the law is to the contrary;  reasonable fees are taxable for witnesses who do not testify at trial.  United States v. Lynd, 334 F.2d 13, 16 (5th Cir. 1964); see also George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000) ("A prevailing party may recover witness fees even for nontestifying witnesses if the party can show that a witness' attendance at tr[ia]l was reasonably necessary").  Thus, it has been explained:

> [I]t would not seem consistent with the exercise of any wise or equitable discretion to disallow attendance fees of such witnesses merely because during the course of the trial a good faith determination was made, presumably in order to avoid delay, unnecessary inconvenience to the Court and parties, and other substantial expenses incident to prolonging the trial, that they need not be used because their testimony would only have been repetitious and cumulative of a case already sufficiently proved.

United States v. Lynd, supra, 334 F.2d at 16.

Here, Tischler's testimony was necessary and, indeed, was important in the decision of the case.  However, during the trial, due to her health condition and the availability of her deposition testimony, she was not called to testify.  The defendant's decision not to call Tischler in that

circumstance does not justify denying recovery of the expenses of this important witness. Accordingly, the witness fee for Tischler will be taxed against the plaintiff.

The plaintiff has not asserted an objection to the witness fee for John Varrone (see Doc. 128). Therefore, the plaintiff shall be taxed witness fees in the amount of $1,599.89.

The plaintiff next opposes the taxation of the court reporter fees for the deposition transcripts (id. at pp. 1-2). The plaintiff makes a cryptic argument that he should not have to pay for depositions because those expenses were paid by the plaintiff's former counsel through a settlement between the defendant and the former plaintiffs. However, the defendant responds that it did not recover previously for these costs as it was the one that paid the settlement to the other plaintiffs (Doc. 129, p. 2). Clearly, since the defendant paid the settlement to the other plaintiffs, it has not recovered the costs of the deposition transcripts that it used in the case against the plaintiff.

Deposition costs, of course, are taxable under 28 U.S.C. 1920. United States Equal Employment Opportunity Commission v. W&O, Inc.,

213 F.3d 600, 620 (11th Cir. 2000). A party may recover these costs if the deposition was "wholly or partially 'necessarily obtained for use in the case.'" Id. at 621 (citation omitted). The defendant asserts that the deposition and trial transcripts were a necessary expense for the defense of the case and, for the most part, that assertion is not controverted.

The plaintiff does object to the deposition transcript costs for Carl Baker and Gregory Steven Cook, claiming these costs were not necessarily incurred for use at the trial because they were part of the case prior to their settlement and were not used for the plaintiff's case (Doc. 128, p. 2).

The defendant correctly counters that Cook testified at trial, thereby establishing the defendant's need to prepare a response with his deposition testimony (Doc. 129, p. 3). Moreover, the Eleventh Circuit has explained that "[i]t is not necessary to use a deposition at trial for it to be taxable." United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 621; see also United States v. Kolesar, 313 F.2d 835, 839-40 (5th Cir. 1963) (explaining that, as a result of the practicalities of pre-trial discovery, the issue is whether the attorney has a

"reasonable need" for a copy).   Significantly, the plaintiff has not demonstrated how the depositions of Cook or Baker were "not 'related to an issue which was present in the case at the time the deposition[s] [were] taken.'"   United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 621 (citation omitted).   In this case, the plaintiff was claiming that the United States Customs Service had a policy of age discrimination relating to their direct reassignments.   Consequently, the former plaintiffs' depositions (who were asserting the same claims as the current plaintiff) would appear to be necessary in the defendant's defense of this case.

In addition, these witnesses were on each party's pre-trial witness list (Doc. 92, pp. 35, 38).   A prevailing party is entitled to tax the deposition costs when the losing party has listed the witness on his witness list.   United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 621.   Accordingly, the defendant will be reimbursed for the requested deposition costs.

However, it should be noted that the defendant has requested fees for court reporters in the amount of $10,432.02.   That amount

6

erroneously includes the costs for the witness fees of Varrone and Tischler (see Doc. 125-1, p. 4).  Thus, the defendant's list of fees for court reporters includes not only the costs of depositions and the trial transcript, but also includes the witness fees for Tischler and Varrone, which have already been accounted for in a prior category (see id.).  The correct amount when calculating the court reporter fees is $8,832.21.  Therefore, the plaintiff will be taxed court reporter fees in that amount.

The plaintiff has not asserted objections with respect to the defendant's request for copy costs and docket fees.  Therefore, the defendant will be reimbursed for those amounts.

For the foregoing reasons, the defendant is entitled to be reimbursed for the costs it incurred, as follows:

| | |
|---|---|
| Court Reporter fees: | $ 8,832.21 |
| Witness fees: | $ 1,599.89 |
| Copies of papers: | $   118.00 |
| Docket fees: | $    20.00 |
| TOTAL: | $10,570.10 |

It is, therefore, upon consideration

ORDERED:

That the Defendant's Request to Tax Costs (Doc. 125-1) be, and the same is hereby, **GRANTED** to the extent that costs will be taxed in favor of the defendant in the amount of $10,570.10.

DONE AND ORDERED at Tampa, Florida, this 31st day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

8